**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AZATBEK MAMATOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1535-D** |
| | ) | |
| **FRED FIGUEROA, Warden, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# <u>REPORT AND RECOMMENDATION</u>

Petitioner Azatbek Mamatov, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. The Government responded, and Petitioner replied. Docs. 10, 11. So the matter is at issue.

---

[1] Warden Fred Figueroa is not a federal official, and the Government did not file the response on his behalf. *See* Doc. 10, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide him with an individualized bond hearing within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner is a citizen of Kyrgyzstan who arrived at a port of entry in California on October 18, 2022. Doc. 10, at 1 & Ex. 1. United States Customs and Border Protection (CBP) issued him an I-94 and paroled him via the humanitarian parole process through October 17, 2023. Doc. 1, Ex. 1. On December 6, 2023, Petitioner filed an application for Asylum and Withholding of Removal, which remains pending. Doc. 1, at 2.

On June 28, 2023, the Department of Homeland Security (DHS) placed him into removal proceedings through the issuance of a Notice to Appear (NTA), which charged him as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA).[4] Doc. 10, at 2 & Ex. 1.

---

[4] This section is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). That section provides that any noncitizen, who at the time of application for admission, was not in possession of (1) a valid unexpired entry document as required by the INA, and (2) a valid travel document/document of identity and nationality as required by regulations is inadmissible. 8 U.S.C. § 1182(a)(7)(A)(i).

On June 17, 2026, Oklahoma Highway Patrol stopped Petitioner during a Federal Commercial Motor Vehicle Inspection, arrested him, and transported him to Immigration and Customs Enforcement's (ICE) Enforcement Removal Operations (ERO). Doc. 10, at 2 & Ex. 2, at 2. ICE ERO transported him to the Diamondback Correctional Facility, where he remains detained. Doc. 10, at 2.

## II. Petitioner's claims.

Petitioner raises three grounds for relief:

(1) Violation of the INA;

(2) Violation of his procedural due process rights under the Fifth Amendment; and

(3) Violation of the Suspension Clause.

Doc. 1, at 21-26. Petitioner asks the Court to issue an order prohibiting his transfer outside of this judicial district during the pendency of these proceedings;[5] to declare that he is not subject to mandatory detention under 8 U.S.C. § 1225; and to order his immediate release. Doc. 1, at 30. In the alternative to release, he asks the Court to order Respondents to provide him with a prompt and constitutionally adequate individualized custody determination where the Government carries the burden to show Petitioner presents a risk of flight or danger to the community. *Id*. He also seeks

---

[5] The Court addressed this issue in its Order for Response, Doc. 8.

injunctive relief barring future unlawful detention and an order requiring the return of his personal belongings, including identification documents. *Id.* at 30-31.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under § 1225(b).

Petitioner claims that Respondents are unlawfully detaining him under § 1225(b) without a custody review which violates the INA and his due process rights. Doc. 1, at 21-25. Respondents argue they are properly detaining Petitioner under § 1225(b)(1). Doc. 10, at 3. But Respondents acknowledge the

Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1245 (10th Cir. 2026), where the court held that § 1225(b)(1) was "limited to the border." *Id.* So they assert that any relief the Court grants should be limited to "ordering the Respondents to provide a bond hearing within seven days." *Id.*

"[B]ecause the legality of Petitioner's continued detention depends upon the source of the Government's detention authority, the Court must determine whether § 1225(b)(1) or [8 U.S.C.] § 1226(a) governs before it can resolve Petitioner's due process claim." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026).

An individual detained as inadmissible upon inspection at the border can only be paroled into the United States "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)); *see also* 8 U.S.C. § 1182(d)(5)(A) (granting discretion to DHS officials to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States").

Petitioner states he was paroled into the United States under § 1182(d)(5)(A) after arriving at the border, and "has remained continuously present in the United States for approximately three and a half years." Doc. 1,

at 21-22. He asserts his removal proceedings are ongoing, but Respondents arbitrarily re-detained him in June 2026 and have subjected him to "indefinite, mandatory detention without procedural safeguards." *Id.* at 24. He argues that § 1225(b)(1)'s mandatory detention provision does not apply to him. The Court should agree.

"The Court has previously 'found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked.'" *Orozali Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026) (quoting *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026)). And the "termination of humanitarian parole" does not "automatically return [a petitioner] to mandatory detention under [] § 1225(b)(1)." *Horta Valdovinos v. Warden, Cimarron Corr. Facility*, No. CIV-26-924-J, 2026 WL 2200432, at *2 (W.D. Okla. July 30, 2026) (citing *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026)); *see also Rafibaev v. Noem*, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (finding it was "illogical to suggest that [the petitioner's] re-detention [after termination of humanitarian parole was] governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.").

**B. Section 1226(a) governs Petitioner's detention.**

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov*, 2026 WL 1865418, at *3. Rather, like the petitioner in *Zhakhonov*, "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained" during a vehicle inspection. *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.* So the Court should conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)(1)." *Id.*

**C. Petitioner is entitled to a bond hearing.**[6]

Petitioner seeks his immediate release or, alternatively, a bond hearing. Doc. 1, at 27-30. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending

---

[6] The undersigned recommends the grant of habeas corpus relief. So the Court should decline to address and dismiss Petitioner's remaining claim.

completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. The parties agree that the Government has not provided Petitioner with an individualized custody determination under § 1226(a) since his re-detention. *See id*. ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *cf. Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United

States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").[7]

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing within seven days or else release Petitioner. The undersigned also recommends that the Court order Respondents certify their compliance with the Court's order by filing a status report within five business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 24,

---

[7] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 30. Recent decisions in this District have declined to direct the Immigration Judge to order burden shifting. *See, e.g.*, *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (declining to "issue an advisory opinion instructing the immigration judge to apply a particular burden of proof"). So the undersigned does not recommend it in this case.

2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 17th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").