**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ASATBEK MAMATOV,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1535-D |

**ORDER**

Petitioner Asatbek Mamatov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Kyrgyzstan who entered the United States on or around October 18, 2022. *Id.* at p. 2. Petitioner was paroled through the humanitarian parole process through October 17, 2023. *Id.* at 1-1. On June 28, 2023, Petitioner was placed into removal proceedings. [Doc. No. 10, p. 2]. On December 6, 2023, Petitioner filed his Application for Asylum and Withholding of Removal, which is still pending. [Doc. No. 1, p. 2]. On June 17, 2026, Petitioner was stopped by Oklahoma Highway Patrol, arrested, and transported to Immigration and Customs Enforcement's (ICE) Enforcement Removal Operations. [Doc. No. 10, p. 2]. ICE transported Petitioner to Diamondback Correctional Facility, where he remains detained. *Id.* at p. 3.

Petitioner is detained pursuant to the mandatory detention provision in 8 U.S.C. § 1225(b)(1). [Doc. No. 10, p. 3]. Petitioner raises three grounds for relief: 1) violation of the Immigration and Nationality Act, 2) violation of his procedural due process rights under

the Fifth Amendment, and 3) violation of the Suspension Clause. [Doc. No. 1, pp. 21–26]. Petitioner requests immediate release, or in the alternative, a bond hearing in which the Government carries the burden to show Petitioner is a flight risk or danger to the community. *Id.* at pp. 25, 30. Petitioner also requests injunctive relief barring future unlawful detention and an order requiring the return of his personal belongings. *Id.* at p. 30. Respondents filed a response in opposition [Doc. No. 10], to which Petitioner filed a reply [Doc. No. 11].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 6]. Judge Mitchell issued a Report and Recommendation (Report), recommending the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 12]. Judge Mitchell recommended the Court decline to place the burden on the Government to justify Petitioner's detention pending removal proceedings. *Id.* Judge Mitchell also recommended the Court decline to address Petitioner's remaining claims. *Id.*

Respondents filed a timely Objection to the Report asserting that "the proper understanding of immigration detention is set forth in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)," but conceded *Santillan Quiroz v. Mullin* is controlling. [Doc. No. 13, p. 1, fn. 1]. In his response to Respondents' objection, Petitioner asserts the correct remedy is release but argues in the alternative that if the Court orders a bond hearing, it should shift the burden to the

Government to prove Petitioner is a flight risk or danger to the community by clear and convincing evidence. [Doc. No. 14].

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Mitchell's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) as opposed to § 1225(b)(1). Moreover, the Court agrees with Judge Mitchell's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). The Court agrees with Judge Mitchell's recommendation to decline to place the burden on the Government to justify Petitioner's detention pending removal proceedings. The Court also agrees with Judge Mitchell's recommendation to decline to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 30th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE